**GILBERT, Plaintiff-Appellee, v. KEMP, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2176.   Decided April 10, 1952.

Richard C. Sharrer, Dayton, for plaintiff-appellee.
Harold E. Smock, Dayton, for defendant-appellant.

### OPINION

By HORNBECK, PJ:

This is an appeal from a judgment of the Municipal Court of the City of Dayton, Ohio, in favor of the plaintiff against the defendant for $73.24.   Defendant appeals.

Plaintiff sued on short form upon an account for labor which account is appended to the petition as Exhibit A.   No book account was tendered and the proof developed that the plaintiff was claiming under a special contract.   However, there was no specific exception to the cause proceeding upon the petition and the court had the right to determine the question upon the case made by the parties on the evidence.   It has also been held that an action on account in the short form may be maintained although there was a special contract if the special contract has been fully performed.   **Riley Co. v. The Levy Overall Mfg. Co., 10 Oh Ap 261.**

Two errors are assigned, the first of which includes the nature of the form of action which we have just discussed and also urges that there is no testimony to the effect that the defendant owed the plaintiff the sum of $73.24, or any other sum or sums whatsoever.

There is proof in the record undisputed that the plaintiff baled all the hay which belonged to the landlord, defendant

and Swigart, his tenant. There is some variation whether the charge was to be 14c or 14½c per bale. At least, the lesser sum would have been a proper charge under the evidence. There is specific proof in the record that at the first cutting of hay the plaintiff baled 742 bales and at the second cutting 298 bales, the sum total of which is 1040 bales, ½ of which would be 520 bales which at 14c per bale would be $72.80. The judgment was for 516 bales at 14c which sum was stated to be $73.24. The proper amount would be $72.24.

There is definite proof to support the judgment for $72.24 which should be the amount carried into the judgment inasmuch as there is difference between the specific and the general finding of the trial court.

All other questions argued in appellant's brief relate to the sufficiency of the evidence or the quality of the proof.

We may not interfere with the findings of the trial judge respecting the credibility of the witnesses nor the weight of the testimony. So considering this record, it supports the conclusion that the landlord, appellant here, had a written agreement with his tenant, Mr. Swigart, one of the terms of which was that:

"Geo. Kemp shall have one half of the hay and said one half shall be hauled to and stored in the barn and the same to be the exclusive property of the said George F. Kemp."

This provision of the agreement is silent upon the question whether the hay was to be put into the barn baled or unbaled. However, it would not be material even if it did so provide, except evidentially.

It is the claim of appellee that he had a contract with George B. Kemp, son of appellant, whereby the son employed appellee to bale the one half of the hay which belonged to Kemp's father, appellant here. The trial court properly held that under a power of attorney from appellant to his son, the son was authorized to make the contract with plaintiff to bale the one half of the crop. The pertinent part of the power of attorney reads:

"I, George F. Kemp, * * *, do make, * * *, constitute and appoint Walter Gross and George B. Kemp, Jr. * * *, my true and lawful attorneys in fact for me and in my name, place and stead, to manage and control my interests and rights in the farm owned by me (describing the farm) giving and granting unto my said attorneys or either of them, full power and authority to do and perform all and ever act and thing necessary whatsoever, requisite, necessary and proper to be done in and about said premises, as fully, to all intents and purposes, as I might or could do, if personally present, with

full power of substitution and revocation hereby ratifying and confirming all that my said attorneys, or either of them * * * shall lawfully do, or cause to be done by virtue hereof."

There can be no doubt upon the clear and unmistakable language above quoted, of the authority of Kemp, Jr. to bind his father to the contract here urged. There is then left only the next question, viz: was there such a contract? The plaintiff expressly testified to such a contract, the time, place and conditions under which it was made. His testimony is disputed by appellant and his son but the trial judge had full right to accept the case as made by the plaintiff.

There are other circumstances which in the most favorable light to the plaintiff are corroborative of his claim as to the contract.

Without discussing the evidence at any further length, we are satisfied upon the record that no prejudicial error intervened to the rights of the appellant in the trial of the cause or in the judgment as entered with the exception of the slight modification which we have heretofore made.

The judgment as modified will be affirmed.

WISEMAN and MILLER, JJ, concur.